UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|                              |   |                                |
|------------------------------|---|--------------------------------|
| UNITED STATES OF AMERICA     | : |                                |
|                              | : | **Criminal Action No. 10-722 (SRC)** |
| v.                           | : |                                |
|                              | : | **OPINION & ORDER**            |
| RASHEED SMITH                | : |                                |

**CHESLER**, District Judge

This matter comes before the Court upon the motion pro se by Defendant Rasheed Smith ("Defendant") for early termination from supervised release. ECF No. 130. The United States of America (the "Government") opposes the application. ECF No. 133. Defendant's attorney at the time of his conviction and sentencing submitted a letter supporting Defendant's motion, and stating that the U.S. Probation Office has no objection to this request. ECF No. 132. The Court has considered these submissions and, for the reasons set forth below, will deny Defendant's motion.

Defendant was convicted in 2011 of conspiracy with the intent to distribute a controlled substance. He was sentenced to a term of sixty months imprisonment, followed by five years of supervised release. Defendant was released from this sentence and began his term of supervised release on or around September 18, 2014.

In the motion before the Court, Defendant requests that his five-year term of supervised release be terminated early, approximately eight months before his term of supervised release is scheduled to terminate in September 2019. Defendant states, among other things, that "being on probation puts a target on his back," that he is unable to find employment because of this, and

1

that he is unable to take family trips because he is unable to leave the State of New Jersey. ECF No. 130. Defendant further states that being on supervised release "is hindering him from being great," and maintains that since his release in 2014, he has not had "<u>any</u> problems with police, parole, or [his] probation officer." <u>Id.</u> Finally, Defendant notes that while incarcerated, he completed the Federal Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and obtained a General Equivalency Diploma ("GED"), and, after completing a six-month stay at a halfway house, has since obtained a New Jersey driver's license, a forklift license, and a certification from the Occupational Safety and Health Administration ("OSHA"). <u>Id.</u>

This motion is subject to 18 U.S.C. § 3583(e), which authorizes a court, upon consideration of the factors set forth in Section 3553(a), to modify a term of supervised release. In particular, the statute provides that, after the expiration of one year of the term of supervised release, a court may terminate the supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court has "wide discretion" in determining whether to take such action. <u>United States v. Hook</u>, 471 F.3d 766, 771 (7th Cir. 2006); <u>see also</u> <u>United States v. Paterno</u>, no. 99-CR-037, 2002 WL 1065682, at *1-2 (D.N.J. Apr. 30, 2002) (consulting jurisprudence on early termination of supervised release under Section 3583(e) and noting that "[c]ourts generally agree that early termination is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances, such as exceptionally good behavior."). Generally, early termination of a term of supervised release is warranted only where the defendant demonstrates "changed circumstances" which "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." <u>United States v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997); <u>see also</u> <u>Paterno</u>, 2002

WL 1065682, at *2 (holding same and citing Lussier). Mere compliance by a defendant with the terms of his supervised release, without more, will not suffice. Paterno, 2002 WL 1065682, at *2; United States v. McKay, 352 F. Supp. 2d 356, 361 (E.D.N.Y. 2005). The burden is on the defendant to demonstrate that early termination of supervised release is warranted. United States v. Webber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Defendant has not met the burden of demonstrating that relief under Section 3583(e)(1) is warranted. He has not shown that there are new or unforeseen circumstances which justify reducing his term of supervised release. Moreover, as the Government indicates in its submission, Defendant fails to set forth any special circumstances warranting termination of the supervised release term, particularly in light of Defendant's January 2018 supervised release violation upon testing positive for cocaine use. While the Court commends Defendant for continuing to try to "better himself" and recognizes his efforts to contribute to his family and community, the Court is persuaded that continuation of Defendant's term of supervised release may very well assist Defendant in his continued rehabilitation efforts.

Accordingly,

**IT IS** on this 18th day of January, 2019,

**ORDERED** that Defendant's motion for early termination of his term of supervised release [ECF No. 130] is **DENIED**.

                                                           s/ Stanley R. Chesler
                                                         STANLEY R. CHESLER
                                                         United States District Judge